IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLIE BUGGS, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-1217-L |
| | § | |
| DELTA AIRLINES, INC., JOHN DOE 1 and | § | |
| JOHN DOE 2, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Have Filing of Complaint Accepted as of 7/7/06, filed July 14, 2006. In the process of reviewing the pending motion and the record, the court **determines** *sua sponte* that it lacks subject matter jurisdiction over this case. Specifically, based on the live pleading, the court determines that Plaintiff has failed to affirmatively and distinctly allege federal subject matter jurisdiction.

### I.   Plaintiff's Lawsuit

Plaintiff, a passenger on a Delta Airlines jet bound for Dallas-Fort Worth International Airport ("DFW") on or about July 8, 2005, filed this lawsuit for personal injuries he allegedly sustained after the jet made a rough landing at DFW. Plaintiff is suing for negligence, breach of contract and/or bailment. *See* Compl. ¶ 6. Defendants are Delta Airlines, Inc. ("Delta"), along with the pilot and co-pilot ("John Doe 1 and John Doe 2"), whose names are unknown at this time.

In his complaint, Plaintiff fails to specify the basis of federal subject matter jurisdiction. Instead, he alleges that Plaintiff is an Arkansas resident and that Delta is a "foreign" corporation authorized to do business in the state of Texas with a principal place of business in Dallas County,

**Memorandum Opinion and Order – Page 1**

Texas. Plaintiff, however, fails to set forth Delta's place of incorporation. As for John Doe 1 and John Doe 2, Plaintiff alleges that it is "unknown as to the county of residence of said individuals," but that Plaintiff will amend the pleadings to substitute the proper parties. *Id.* ¶ 2. With regard to damages, Plaintiff alleges that they are in an amount "that will exceed that required for federal jurisdiction." *Id.* ¶¶ 12, 25.

Although the complaint fails to allege any federal question which would give rise to subject matter jurisdiction under 28 U.S.C.§ 1331, on the Civil Cover Sheet Plaintiff has placed a check mark in the box indicated for federal question jurisdiction. In describing his causes of action on the Civil Cover Sheet, Plaintiff states that the causes of action sound in tort, breach of contract and bailment. Plaintiff also states, "[t]here is a possibility that part of this litigation may be control[l]ed by 49 U.S.C. § 401, *et. seq.*" The court will now address *sua sponte* whether Plaintiff's complaint establishes a basis for federal subject matter jurisdiction.

## II.   Subject Matter Jurisdiction Standard

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute, they lack the power to adjudicate claims and must dismiss an action if it appears that subject matter jurisdiction is lacking. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott*

*Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between or among the parties. 28 U.S.C. §§ 1331, 1332. Diversity is proper only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "The burden of establishing subject matter jurisdiction in federal court rests on the party

**Memorandum Opinion and Order – Page 3**

seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Thus, Plaintiff must establish federal subject matter jurisdiction.

**III.    Analysis**

    **A.    Federal Question Jurisdiction**

As already set forth above, although the complaint fails to allege any federal question which would give rise to subject matter jurisdiction under 28 U.S.C.§ 1331, on the Civil Cover Sheet Plaintiff has placed a check mark in the box indicated for federal question jurisdiction. In describing his causes of action on the Civil Cover Sheet, Plaintiff states that the causes of action sound in tort, breach of contract and bailment. Plaintiff also states, "[t]here is a possibility that part of this litigation may be control[l]ed by 49 U.S.C. § 401, *et. seq.*"

Having examined the complaint, the court determines that Plaintiff has failed to allege any basis whatsoever for this court to conclude that there is a federal question "arising under" the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Moreover, Plaintiff's attempt to invoke federal question jurisdiction by way of his Civil Cover Sheet is unavailing. There is no such law as "49 U.S.C. § 401." Even if there were, it is not alleged as part of the live pleading. In short, Plaintiff has failed to allege federal question jurisdiction.

    **B.    Jurisdiction Based on Diversity of Citizenship and Where the Amount in Controversy Exceeds $75,000 Exclusive of Interest and Costs**

In addition to federal question jurisdiction, a federal court has subject matter jurisdiction in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between or among the parties. 28 U.S.C. §1332. Plaintiff alleges that Plaintiff is an Arkansas resident and that Delta is a "foreign" corporation authorized to do business in the state of Texas with a principal place of business in Dallas County, Texas. Plaintiff, however, fails

**Memorandum Opinion and Order – Page 4**

to set forth Delta's place of incorporation. As already stated, a corporation is a "citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1) (emphasis added). Plaintiff's failure to allege Delta's place of incorporation leaves the court with questions regarding whether complete diversity exists. Moreover, Plaintiff has sued the co-pilot and pilot, but alleges that he does not know their place of residence. Again, Plaintiff has failed to establish complete diversity. It is not incumbent upon the court to guess or speculate as to the basis for its jurisdiction. Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford*, 945 F.2d at 805. Accordingly, as Plaintiff has failed to meet his burden of establishing complete diversity of citizenship, the court dismisses this action.[*]

## IV. Conclusion

For the reasons set forth herein, the court **determines** *sua sponte* that it lacks the power to adjudicate this case. Accordingly, the court hereby **dismisses** this action **without prejudice**. Further, as the court lacks subject matter over this action, it does not address the pending motion. Final judgment will issue by separate order.

**It is so ordered** this 21st day of July, 2006.

Sam A. Lindsay
United States District Judge

---

[*]Moreover, Plaintiff's complaint plainly fails to meet the pleading requirements of Fed. R. Civ. P. 8(a). Any pleading which sets forth a claim for relief must contain, among other things, "a short and plain statement of the grounds upon which the court's jurisdiction depends." *Id.* The complaint simply does not state the basis for the court's jurisdiction under 28 U.S.C. § 1331 or § 1332, and therefore fails to satisfy Rule 8(a).

**Memorandum Opinion and Order – Page 5**